Peter AUERBACH et al., Plaintiffs,

v.

AFRICAN AMERICAN TEACHERS
ASSOCIATION, INC., Defendant.

No. 72 C 262.

United States District Court,
E. D. New York.

April 5, 1973.

Eugene M. Kaufman, New York City, for plaintiffs; by Jack J. Sissman, New York City, of counsel.

Joseph R. Mack, New York City, for defendant.

BRUCHHAUSEN, District Judge.

This action was brought by eight Caucasian school teachers, employed by the New York City Board of Education to teach at Junior High School 57, located in Brooklyn, New York. It was instituted pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983 and 42 U.S.C. § 2000a for injunctive relief, punitive damages and counsel fees.

The defendant, African American Teachers Association, Inc., is a private

corporation, allegedly organized to promote quality education for Negroes.

This case was tried on November 27 and December 1, 1972. The plaintiffs produced witnesses who testified as to the discriminatory actions of the defendant. At the conclusion of the plaintiffs' case, the defendant rested and moved for a directed verdict.

The evidence produced by the plaintiffs consisted of five witnesses and one document. The testimony was that the defendant posted a public notice on the school bulletin board, announcing a public meeting to be held on February 16, 1972 in the school auditorium, in two sessions. Both members and non-members were invited to attend. Mr. Albert Vann, president of the defendant organization, was to be the principal speaker. The testimony of the witnesses clearly established that the Caucasian teachers were not welcomed to the meeting, that physical and oral abuse, and coercion were used against the white teachers to discourage their attendance, that doors were slammed shut in the face of at least one teacher, who tried to attend, and the Caucasians were informed that the meeting was open solely to the blacks, that only white teachers were harassed and ejected therefrom, that blacks did not undergo this treatment and applications for membership were distributed solely to blacks, that Albert Vann during his remarks called certain Caucasian teachers enemies of the blacks, that the principal, Mr. Roach, was made aware of the situation and did nothing to ease the problem.

The defense was that the plaintiffs have failed to prove any State action required by statute for which relief may be granted.

In Adickes v. Kress & Co., 398 U.S. 144, at page 150, 90 S.Ct. 1598, at page 1604, 26 L.Ed.2d 142, the Court held in part:

"The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.' "

Further, the Court held in part at page 152, 90 S.Ct. at page 1606:

"The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful; Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (cases cited). Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents,' United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)."

In the case at bar, the meeting was to be held on public property, supported by State funds. It was advertised by posting of a notice of meeting on the school bulletin board. The discriminatory actions of the defendant were made known to the principal of the school who is responsible pursuant to State Education Law for operating the school. He took no action whatsoever to prevent these occurrences.

It is settled law that the Fourteenth Amendment plainly prohibits a State from discriminating because of race. Also, Section 1 of the Fourteenth

**1048**

Amendment does not forbid a private party, not acting against a backdrop of State compulsion or involvement, to discriminate on the basis of race in his personal affairs as an expression of his own personal predilections. As was said in Shelley v. Kraemer, 334 U.S. 1, at page 13, 68 S.Ct. 836, at page 842, 92 L.Ed. 1161, Section 1 of "that Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Adickes v. Kress & Co., supra, 398 U.S. at page 169, 90 S.Ct. at page 1615.

■ The proof established that the defendant, a private organization of blacks, used a public facility to carry out its discriminatory practices. This facility, partially financed by State funds, was used by the defendant for its private actions which were made known to the school principal, responsible pursuant to the State Educational Law for operating this public school. Furthermore, he took no action to stop the discriminatory practices. It follows, therefore, that sufficient evidence was adduced to show State involvement, under color of law. United States v. Price, supra.

The plaintiffs have also sued, pursuant to the Public Accommodations Act, 42 U.S.C. § 2000a which provides:

"All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation * * * without discrimination or segregation on the ground of race, color, religion, or national origin."

The Act defines a place of public accommodation. The plaintiffs alleged that their rights are grounded on 42 U.S.C. § 2000a(b)(3):

"any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment."

Furthermore, "Establishments affecting interstate commerce or supported in their activities by State action as places of public accommodation, * * *" must be established pursuant to the public accommodations provisions of the Act.

■ There was no proof that this particular accommodation affected commerce as required, however, there was sufficient proof, as above stated, to indicate substantial State action. It follows, therefore, that a cause of action was proven, pursuant to the Public Accommodations Act.

■ Plaintiffs are entitled to injunctive relief as prayed. Furthermore, the proof established a willful degree of malice. To prevent further similar actions, plaintiffs are entitled to punitive damages in the sum of $3,500.00, together with counsel fees of $1,500.00.

Settle decree on five (5) days' notice.